IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICK M. GREENBERG,

    Plaintiff,

v.

RIVERSOURCE LIFE INSURANCE COMPANY, and HOWARD BELFER, M.D.,

    Defendants.

No. C 12-00552 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND VACATING HEARING**

## INTRODUCTION

In this fraud and breach-of-contract action, plaintiff moves to remand for lack of complete diversity. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

*Pro se* plaintiff Rick M. Greenberg filed the instant action in Santa Clara County Superior Court. Plaintiff, a California resident, is a policy holder of insurance coverage provided by defendant RiverSource Life Insurance Company, a Minnesota corporation and citizen. Defendant Dr. Howard Belfer is a medical doctor and a resident of California. The complaint alleges that in December 2007, defendant RiverSource fraudulently denied plaintiff his health insurance benefits, and in doing so, breached its contract to provide disability coverage.

In regard to plaintiff's fraud claim, plaintiff asserts that RiverSource informed him that an independent medical examination was to be performed before benefit payments would be made, and that no such examination was performed. Plaintiff further alleges that RiverSource

then fraudulently represented that defendant Dr. Belfer performed the medical examination. It is unclear whether plaintiff contends that no medical examination took place, or that the examination was not in fact "independent" because Dr. Belfer was employed by or engaged in some sort of scheme with RiverSource to deny benefits. Plaintiff's breach-of-contract claim is premised on the allegation that RiverSource's denial of coverage is a breach of a 1996 contract to provide long-term disability coverage. Plaintiff is seeking damages in the amount of $2,106,200.

Defendant RiverSource removed this action pursuant to 28 U.S.C. 1441(b). In support of removal, defendant asserted: (1) jurisdiction here was proper as the amount in controversy exceeds $75,000; (2) defendant RiverSource is incorporated and is a citizen of Minnesota; and (3) defendant Dr. Belfer's California citizenship should be ignored because he is a fraudulently joined defendant (Dkt. No. 1 ¶¶ 9–11). There is no dispute that the amount in controversy has been met, and therefore, this order need only consider the issue of complete diversity as raised by the parties. This order follows full briefing.

**ANALYSIS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. 1441. A case may be remanded to state court for lack of subject-matter jurisdiction or defects in removal procedure. 28 U.S.C. 1447(c). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. 1332(a). The party who sought removal in the first instance bears the burden of proof in regard to the propriety of the removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In support of his motion to remand, plaintiff asserts that his complaint qualifies as a "direct action" against an insurer pursuant to 28 U.S.C. 1332(c) and therefore, defendant RiverSource is deemed to be a citizen of California. Defendant contends that Section 1332(c)

is inapplicable to plaintiff's complaint, and also, that defendant Dr. Belfer is a fraudulently joined defendant and should be ignored for diversity purposes.

### 1. PLAINTIFF'S CLAIM DOES NOT QUALIFY AS A DIRECT ACTION AGAINST AN INSURER UNDER 28 U.S.C. 1332(c).

In support of his motion, plaintiff relies exclusively on 28 U.S.C. 1332(c)(1), which states in relevant part:

> For the purposes of [diversity jurisdiction] . . . [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen[.]

Plaintiff contends that this action is a "direct action" against insurer RiverSource and, therefore, defendant is deemed to be a citizen of California, plaintiff's state of residence. Plaintiff's argument is misguided. "Courts have uniformly defined the term 'direct action' as used in [Section 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982). Plaintiff is not seeking recovery from an insurance company for liability incurred by a third-party insured. Instead, plaintiff is seeking recovery from his own insurer for wrongs suffered by plaintiff directly. Therefore, plaintiff is not entitled to rely on 28 U.S.C. 1332(c)(1). Plaintiff attempts to distinguish his claims from those at issue in the direct-action cases cited by defendant. He asserts that those cases all involve liability insurance, whereas the issue here is the recovery of disability insurance (Reply Br. 2). Unfortunately, plaintiff's assertion is an admission that his claim is not a "case[] in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer", and therefore, does not qualify as a "direct action" as defined by our court of appeals. *Ibid.*

3

### 2. DR. BELFER IS A FRAUDULENTLY JOINED DEFENDANT.

Defendant RiverSource asserts that Dr. Belfer is a fraudulently joined defendant, and should be ignored for the purposes of determining whether complete diversity exists between the parties.

Citizenship of fraudulently joined parties must be ignored in analyzing diversity. If a plaintiff fails to state claims against a resident defendant, and the failure is obvious according to the settled rules of the state, then joinder of the resident defendant is fraudulent. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Plaintiff's motion and reply both rest on the theory that RiverSource standing on its own destroys diversity. Plaintiff has not argued the fraudulent joinder issue as raised by defendant. In light of plaintiff's *pro se* status, this order will read plaintiff's reply brief as if it addressed defendant's fraudulent joinder argument.

#### A. Plaintiff Has Not Asserted a Breach-of-Contract Claim Against Dr. Belfer.

Under California law, a breach-of-contract claim requires "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

Fatal to plaintiff's complaint is the lack of an assertion that a contract existed between plaintiff and Dr. Belfer. The only contract referred to is one for "long term disability coverage" which can only exist between RiverSource and plaintiff (Dkt. No. 2, Exh. A, Section 3 at 5)

#### B. Plaintiff Has Not Asserted a Fraud Claim Against Dr. Belfer.

"It is essential that the facts and circumstances which constitute the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called on to answer, and to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud." *Scafidi v. W. Loan & Bldg. Co.*, 72 Cal. App. 2d 550, 553 (1946) (internal citation omitted).

The only reference to Dr. Belfer in plaintiff's complaint is an allegation that RiverSource denied disability coverage following an independent medical examination performed by Dr. Belfer (Dkt. No. 2, Exh. A, Section 3 at 3–4). The complaint does not allege that Dr. Belfer

4

committed fraud, or aided RiverSource in its alleged fraud.  It is unclear what role, if any, Dr. Belfer is accused of playing in the fraud.

Read in a light most favorable to plaintiff, this order finds that the complaint is devoid of any factual allegations to support a claim against Dr. Belfer.  Therefore, Dr. Belfer is a fraudulently joined defendant and must be ignored for purposes of determining diversity. Thus, this order finds that complete diversity exists between Minnesota defendant RiverSource and plaintiff, a California resident.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **DENIED**.  The hearing scheduled for April 12, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  April 5, 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

5