**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11  RICK M. GREENBERG,

12         Plaintiff,                                No. C 12-00552 WHA

13      v.

14  RIVERSOURCE LIFE INSURANCE            **ORDER GRANTING IN PART**
    COMPANY, and HOWARD BELFER, M.D.,     **AND DENYING IN PART**
15                                         **DEFENDANTS' MOTION**
           Defendants.                     **TO DISMISS AND**
16  _____/      **VACATING HEARING**

17                          **INTRODUCTION**

18      In this fraud and breach-of-contract action, defendants move to dismiss pursuant to

19  FRCP 12(b)(6).  For the reasons stated below, the motion is **GRANTED IN PART AND DENIED**

20  **IN PART**.

21                          **STATEMENT**

22      *Pro se* plaintiff Rick M. Greenberg filed the instant action in Santa Clara County

23  Superior Court.  Plaintiff, a California resident, is a policy holder of insurance coverage provided

24  by defendant RiverSource Life Insurance Company, a Minnesota corporation and citizen.

25  Defendant Dr. Howard Belfer is a medical doctor and a resident of California.  The complaint

26  alleges that in December 2007, defendant RiverSource fraudulently denied plaintiff his health

27  insurance benefits, and in doing so, breached its contract to provide disability coverage.

28

United States District Court

For the Northern District of California

1    In regard to plaintiff's fraud claim, plaintiff asserts that RiverSource informed him that

2    an independent medical examination was to be performed before benefit payments would be

3    made, and that no such examination was performed.  Plaintiff further alleges that RiverSource

4    then fraudulently represented that defendant Dr. Belfer performed the medical examination.

5    It is unclear whether plaintiff contends that no medical examination took place, or that the

6    examination was not in fact "independent" because Dr. Belfer was employed by or engaged in

7    some sort of scheme with RiverSource to deny benefits.  Plaintiff's breach-of-contract claim is

8    premised on the allegation that RiverSource's denial of coverage is a breach of a 1996 contract

9    to provide long-term disability coverage.  Plaintiff is seeking damages in the amount of

10   $2,106,200.

11   Defendant RiverSource removed this action pursuant to 28 U.S.C. 1441(b).

12   Defendants now move to dismiss pursuant to FRCP 12(b)(6).  This order follows full briefing.

13                                    **ANALYSIS**

14   "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

15   accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

16   129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

17   544, 570, (2007)).  A claim is facially plausible when there are sufficient factual allegations to

18   draw a reasonable inference that the defendants are liable for the misconduct alleged.  While a

19   court "must take all of the factual allegations in the complaint as true," it is "not bound to accept

20   as true a legal conclusion couched as a factual allegation."  *Id.* at 1949–50.  *Pro se* complaints

21   are  held to less stringent standards than complaints drafted by attorneys.  *Erickson v. Pardus*,

22   551 U.S. 89, 94 (2007).

23   **1.    CLAIMS AGAINST DR. BELFER.**

24   This Court has already held in a prior order that Dr. Belfer is a fraudulently joined

25   defendant and that no viable claims have been asserted against him (Dkt. No. 32).  For the same

26   reasons, plaintiff's claims against Dr. Belfer cannot survive a motion to dismiss.  The motion to

27   dismiss all claims against Dr. Belfer is **GRANTED**.

28

United States District Court

For the Northern District of California

1    **2.    CLAIMS AGAINST RIVERSOURCE INSURANCE.**

2        Defendant RiverSource argues that both of plaintiff's claims should be dismissed

3    pursuant to FRCP 12(b)(6).

4        **A.    Fraud.**

5        "An action for relief on the ground of fraud must be brought within three years but the

6    cause of action is 'not to be deemed to have accrued until the discovery, by the aggrieved party,

7    of the facts constituting the fraud.'" *Nat'l Auto. & Cas. Ins. Co. v. Payne*, 261 Cal. App. 2d 403,

8    408 (1968). "The statute commences to run only after one has knowledge of facts sufficient to

9    make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." *Id.* at 409.

10   "If the running of the statute is apparent on the face of the complaint, the defense may be raised

11   by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

12   "When a motion to dismiss is based on the running of the statute of limitations, it can be granted

13   only if the assertions of the complaint, read with the required liberality, would not permit the

14   plaintiff to prove that the statute was tolled." *Ibid.*

15       Plaintiff alleges that on or about December 2007, defendant RiverSource denied

16   disability coverage, and that the denial was based on an independent medical examination

17   conducted by Dr. Belfer (Dkt. No. 1, Exh. A, Section 3 at 3–4). It is unclear whether plaintiff is

18   arguing that no examination took place, or that the examination, having taken place, was not in

19   fact "independent". In either instance, plaintiff's claim is barred by the applicable statute of

20   limitations. By plaintiff's own admission, the acts giving rise to his claim for fraud arose on

21   or around December 2007 (*ibid.*). Plaintiff has not alleged that there is any reason he should

22   not have been suspicious of the alleged fraudulent conduct at the time disability coverage was

23   denied, and therefore, no inference can be made that the three-year statute of limitations was

24   tolled. Thus, plaintiff's complaint, dated November 4, 2011, was filed approximately one year

25   too late. Defendant's motion to dismiss plaintiff's fraud claim is **GRANTED.**

26       **B.    Breach of Contract.**

27       Defendant RiverSource asserts that plaintiff's breach-of-contract claim is inadequately

28   pleaded (Br. 7). Under California law, a breach-of-contract claim requires "the existence of the

3

United States District Court
For the Northern District of California

1  contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant

2  and damages." *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

3  Defendant argues that plaintiff has failed to allege the existence of a contract between the parties,

4  and has failed to append a copy of the contract to the complaint (Br. 7).  While it is true that

5  plaintiff has not explicitly identified RiverSource as party to the contract, given plaintiff's *pro se*

6  status, this order will infer that as the only named insurance carrier in the complaint, plaintiff

7  intended to assert that RiverSource was in fact party to a contract for disability coverage.

8  Plaintiff's complaint further alleges that the contract was executed in 1996, that it was one

9  for "long term disability coverage," and that defendant breached its obligation to provide

10  insurance benefits to plaintiff, denying plaintiff disability benefits for 48 months (Dkt. No. 2,

11  Exh. A, Section 3 at 5).  In addition, plaintiff has attached to his opposition brief copies of a

12  denial-of-coverage letter on RiverSource letterhead, and an invoice to "Disability Income Policy

13  9100-5301419" which is also on RiverSource letterhead (Opp. Exh. D).  Though it would have

14  been helpful for plaintiff to attach an actual copy of the contract, it cannot be said that the

15  complaint, read in a light most favorable to *pro se* plaintiff, does not allege the existence of a

16  contract, that defendant was party to that contract, and that defendant breached the contract by

17  failing to provide insurance benefits, consequently causing damage to plaintiff.  While not a part

18  of his complaint, plaintiff's opposition and the attached exhibits further elucidate the allegations

19  contained within his complaint.  In addition, RiverSource does not contend that no contract

20  exists, or that it is not party to any contract with plaintiff.  It only asserts that plaintiff failed to

21  explicitly identify it as a party to the contract being sued upon.  Defendant's motion to dismiss

22  plaintiff's breach-of-contract claim is **DENIED**.

23                                   **CONCLUSION**

24        For the foregoing reasons, defendants' motion is **GRANTED IN PART AND DENIED IN**

25  **PART**.  The hearing scheduled for April 12, 2012, is **VACATED**.  Plaintiff may seek leave to

26  amend and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion,

27  noticed on the normal 35-day track, for leave to file an amended complaint.  A proposed

28  amended complaint must be appended to the motion and plaintiff must plead his best case.

4

The motion should clearly explain how the amendments to the complaint cure the deficiencies

identified herein.  Plaintiff, who is proceeding *pro se*, is advised that information is available

online at http://cand.uscourts.gov/proselitigants and also in person at the legal help center.

An appointment with the legal help center may be made by calling 415-782-9000,

extension 8657.


        **IT IS SO ORDERED.**


Dated:  April 5, 2012.                                _____

                                                      WILLIAM ALSUP
                                                      UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5