United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICK M. GREENBERG,

    Plaintiff,

  v.

RIVERSOURCE LIFE INSURANCE COMPANY and HOWARD BELFER, M.D.,

    Defendants.
                                          /

No. C 12-00552 WHA

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this breach-of-contract action, defendant moves for summary judgment on the basis that plaintiff's claim is time barred. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

*Pro se* plaintiff Rick M. Greenberg filed the instant action in Santa Clara County Superior Court on November 4, 2011, alleging claims for fraud and breach of contract against defendants RiverSource Life Insurance Company and Dr. Richard Belfer. The action was removed on February 2, 2012. All claims have been dismissed, except for the breach-of-contract claim against defendant RiverSource.

In 1996, plaintiff entered into a written contract with defendant RiverSource under which defendant would provide disability coverage to plaintiff. Plaintiff claims he is totally disabled as a result of bilateral carpal tunnel syndrome. Under the contract, plaintiff claimed total disability for five years (RJN Exh. B at 37–38). By letter dated October 30, 2007, defendant RiverSource

1  notified plaintiff that based on its determination that plaintiff was no longer totally disabled,
2  benefits under plaintiff's disability income policy would cease (*ibid*).  Defendant sent plaintiff
3  his final disability check on October 26, 2007, which included benefits paid through November
4  2, 2007 (Dkt. No. 62).  Plaintiff alleges that defendant RiverSource breached the written contract
5  providing for disability benefits by "sending letter [sic] to plaintiff stating that long term
6  disability payments would be stopped" (Compl. BC-2).  According to plaintiff's declaration,
7  "[n]o earlier than October 30, 2007, defendant posted by mail a letter of that date informing me
8  of the results of [my physical examination] which explained that defendant would no longer be
9  providing me with disability benefits" (Greenberg Decl. ¶ 4).  Plaintiff "received" the letter on
10 November 7, 2007, and at "no time prior thereto did defendant provide [plaintiff] with any other
11 notice of the denial of benefits" (*id*. ¶ 5).  The parties agree that the denial letter was dated
12 October 30, 2007.  This order follows full briefing and a hearing, including one post-hearing
13 submission.  At the hearing, the Court ordered defendant to submit a declaration stating the date
14 of the final check sent to plaintiff.  Defendant complied.  Plaintiff was given an opportunity to
15 respond to the submission.  Plaintiff's response was due August 1.  No response was received.

**ANALYSIS**

17     Summary judgment is proper when "there is no genuine dispute as to any material fact
18 and the movant is entitled to judgment as a matter of law." FRCP 56(a).  Where the party
19 moving for summary judgment would bear the burden of proof at trial, that party bears the initial
20 burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial.
21 *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000).
22 Where the party moving for summary judgment would not bear the burden of proof at trial, that
23 party bears the initial burden of either producing evidence that negates an essential element of
24 the non-moving party's claims, or showing that the non-moving party does not have enough
25 evidence of an essential element to carry its ultimate burden of persuasion at trial.  If the moving
26 party satisfies its initial burden of production, then the non-moving party must produce
27 admissible evidence to show there exists a genuine issue of material fact.  *See Nissan Fire &*
28 *Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

Defendant moves for summary judgment arguing that plaintiff's claim for breach of contract, the sole remaining claim in this action, is time-barred. There is a four-year statute of limitations that applies to claims for breach of a written contract. CAL. CIV. PROC. § 337. Generally, "[a] cause of action for breach of contract accrues at the time of the breach of contract, and the statute of limitations begins to run at that time regardless of whether any damage is apparent or whether the injured party is aware of his right to sue." *Perez-Encinas v. AmerUS Life Ins. Co.*, 468 F. Supp. 2d 1127, 1133–1137 (N.D. Cal. 2006) (Breyer, J.).

There is no dispute that the breach of contract claim is based on defendant RiverSource's letter to plaintiff dated October 30, 2007, denying disability benefits. In fact, the complaint states that defendant "breached the agreement by" "*sending* [the] letter to plaintiff stating that long term disability payments would be stopped" (Compl. BC-2) (emphasis added). The crux of the dispute is whether the claim for breach of contract accrued on October 30, 2007, the date of the denial letter, or November 7, 2007, the date plaintiff has stated in his declaration that he received the letter.

The insurer's "unconditional denial of liability to the insured" "g[i]ves rise to an immediate cause of action." *Neff v. New York Life Ins*. Co., 30 Cal. 2d 165, 169–170 (1947). In our district, courts have held that the date of accrual of a breach of contract claim based on wrongful denial of insurance coverage is "the date of the [] denial letter," so long as the letter explains the reasons for the denial. *See Crown Paper Liquidating Trust v. Am. Int'l Group, Inc.*, 2007 U.S. Dist. LEXIS 89644, * 9–11 (N.D. Cal. 2007) (Chesney, J.) (finding claim for breach of contract filed four years and two days after the date of denial letter is time-barred in the absence of an exception to the four-year statute of limitations); *Gordon v. Deloitte & Touche, LLP*, 2011 U.S. Dist. LEXIS 150371, at *14 (C.D. Cal. 2011) (statute of limitations began running "as of the date of the [denial] letter").

Defendant RiverSource notified plaintiff by letter dated October 30, 2007, that plaintiff's claim for disability benefits was denied and that he would receive no further payments. And on October 26, 2007, defendant sent plaintiff his final disability check. The October 30 letter thoroughly explained the reasons for the denial (RJN B at 37–38) (emphasis added):

3

> 1  You have claimed total disability since July 3, 2002, due to bi-
> 2  lateral carpal tunnel syndrome. In accordance with the above
>    policy definition, you must be unable to perform the material and
>    substantial duties of *any gainful occupation* in order to be eligible
> 3  for benefits beyond July 2, 2007.
>
> 4  Dr. Belfer indicates that he could find no conclusive clinical or
>    electrodiagnostic evidence for carpal tunnel syndrome on either
> 5  your right or left side. Additionally, there is no information in the
>    I[ndependent] M[edical] E[valuation], your application, or other
> 6  medical records to support a finding that you have a condition
>    which would cause you to be unable to perform the material and
> 7  substantial duties of any gainful occupation for which your [sic]
>    are reasonably fitted by education, training, or experience.
>
> 8
>    Benefits have been paid through November 2, 2007. Benefits
> 9  under this claim have ceased.

Citing the delayed-discovery rule, plaintiff argues that the claim did not accrue until November 7, 2007, the date he states he received the denial letter. The "discovery rule [] postpones accrual of a cause of action until the plaintiff discovers or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806–07 (2005). "Traditionally, however, the discovery rule had not been held applicable to breach of contract actions except in cases involving fraud or misrepresentation." *Perez-Encinas*, 468 F. Supp. 2d at 1134. "Application of the date-of-discovery accrual rule has been limited . . . to those cases where the factual predicate for the plaintiff's injuries was concealed or misrepresented." *Matsumoto v. Republic Ins., Co.,* 792 F.2d 869, 872 (9th Cir. 1986). Plaintiff cites to *Jolly v. Eli Lilly & Co.,* in support of application for the discovery rule here, but *Jolly* was a personal-injury action, so application of the discovery-rule there is not controlling here. 44 Cal. 3d 1103, 1110–11 (1988)

Plaintiff also cites to *April Enterprises, Inc., v. KTTV*, wherein the California court of appeal applied the discovery rule to a claim for breach of contract. 147 Cal. App. 3d 805, 826–33 (1983). In *April*, the plaintiff, a television show producer brought suit against the defendants, a television station and corporation, for erasing certain videotapes in violation of a contract between the parties. The court stated:

> To hold, as [defendants] suggest, that [plaintiff's] action accrued
> on the date of erasure, would amount to an expectation that a
> contracting party in such situations has a duty to continually
> monitor whether the other party is performing some act

4

> inconsistent with one of many possible terms in a contract. Imposing such a duty to monitor is especially onerous when the breaching party can commit the offending act secretly, within the privacy of its own offices.

*Id*. at 832. The court limited application of the discovery rule to "breaches which can be, and are, committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." *Ibid.* Twenty years after its decision in *April*, the court of appeal revisited its holding. *See Gryczman v. 4550 Pico Partners, Ltd.*, 107 Cal. App. 4th 1 (2003) (breach-of-contract action). The *Gryczman* court identified three characteristics of appropriate applications of the discovery rule:

> (1) [t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect; (2) the defendant has been in a far superior position to comprehend the act and the injury; and (3) the defendant had reason to believe the plaintiff remained ignorant he had been wronged.

*Id.* at 5–6. The court identified two overarching principles to guide a court in assessing whether the discovery rule should apply in a given case. *First*, "plaintiffs should not suffer where circumstances prevent them from knowing they have been harmed." *Ibid. Second*, "defendants should not be allowed to knowingly profit from their injuree's ignorance." *Ibid.*

This case does not involve a "secretive breach" similar to that in *April*. Nor is the discovery rule applicable under *Gryczman* because the "injury or the act causing the injury" was not "difficult for plaintiff to detect." Here, the date of the alleged wrong is clear. Plaintiff does not allege otherwise. Thus, the discovery rule does not apply here. The claim for breach of contract accrued on October 30, 2007, the date of the unconditional denial of plaintiff's claim for disability benefits. On November 4, 2011, plaintiff filed the instant action, alleging breach of contract based on said denial. Plaintiff has offered no viable basis for tolling the applicable four-year statute of limitations. Thus, as a matter of law, the claim for breach of contract is time-barred.

\*        \*        \*

Pursuant to Federal Rule of Evidence 201, defendant RiverSource requests judicial notice of the complaint, filed on November 4, 2011, plaintiff's opposition to defendants' joint motion to dismiss the complaint, filed on March 9, 2012, and the order entered in this action dated April 5, 2012. The request for judicial notice is **GRANTED**.

## CONCLUSION

For the above-stated reasons, the motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 8, 2012.



_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6